UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION

In re:

PORTER'S PENINSULA LOGGING LLC,

Debtor.

Chapter 11
Case No. 23-20563
Hon. Daniel S. Opperman

_____/

# FIRST DAY MOTION FOR AN ORDER AUTHORIZING THE USE OF CASH COLLATERAL

NOW COMES the Debtor in the above-captioned matter (the "Debtor"), by and through its proposed counsel Warner Norcross + Judd LLP, and for its Motion for an Order Authorizing the Use of Cash Collateral (the "Motion"), hereby states as follows:

## CONCISE STATEMENT OF RELIEF REQUESTED
## PURSUANT TO FED. R. BANKR. P. 4001(b)(1)(B)

1. The Debtor requires use of Cash Collateral, as defined below, in order to pay operating expenses and to pay vendors to ensure a continued supply of goods and services essential to the Debtor's continued operations and viability.

2. Absent the authority to use Cash Collateral, the Debtor will be unable to operate its business and the value of the estate will be severely degraded. The Debtor could be forced to immediately and abruptly liquidate to the direct detriment of all parties in interest.

3. Upon information and belief, the only party who expresses a secured interest in the Cash Collateral is B2B Financing, whose address is 100 Quentin Roosevelt Blvd., Suite 11-500, Detroit, Michigan 48202, asserting two separate liens in the approximate amounts of $11,487.57 and $60,445.06 with Financing Statements in the name of Corporation Service Company, as Representative, whose address is P.O. Box 2576, Springfield, Illinois 62708

and CT Corporation System, as Representative, whose address is 330 N. Brand Blvd., Suite 700, Attn: SPRS, Glendale, California 91203 (the "Cash Collateral Party"):.

4. In short summary, the Order requested by the Debtor in this Motion provides as follows:

    a. <u>Use of Cash Collateral</u>. The Debtor shall continue to use cash collateral in the normal course of its business operations until further order of the Court in accordance with the Budget attached to this Motion as Exhibit 2. As shown in that Budget, the Debtor requires the use of up to $29,000.00 per month through the end of May, 2023 or until the final hearing on this Motion.

    b. <u>Adequate Protection</u>. The Cash Collateral Party shall receive adequate protection for the Debtor's continued use of cash collateral as follows:

        1) The Debtor shall keep the Cash Collateral Party's collateral fully insured.

        2) The Debtor will deposit all cash acquired post-petition into the DIP account.

        3) The Debtor believes the Cash Collateral Party is significantly undersecured by virtue of their liens in the Debtor's assets, specifically, the Debtor currently has accounts receivable in the amount of approximately $7,200.00, cash in the amount of approximately $6,000.00 and inventory in the amount of approximately $2,300.00, therefore, approximately $15,500.00 is the total amount that the Debtor must provide

adequate protection to the Cash Collateral Party. The Debtor will retain levels of cash collateral equal or greater to the cash collateral held by the Debtor at the Petition Date.

4) The Cash Collateral Party shall have a post-petition lien in the Cash Collateral to the same extent and priority as they possessed pre-petition.

c. <u>Other Miscellaneous Provisions</u>. The Proposed Order attached hereto as Exhibit 1 also contains other miscellaneous provisions which are detailed in full therein.

## JURISDICTION

5. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

6. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

7. Venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

8. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§ 105, 363, 522; Fed. R. Bankr. P. 4001 and Bankr. E.D. Mich. L.R. 4001-2.

## BACKGROUND

9. On May 19, 2023, (the "Petition Date"), the Debtor commenced with this Court a voluntary case under Chapter 11, Subchapter V of the Bankruptcy Code. The Debtor is authorized to continue to operate its business and manage its property as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

10. No request for appointment of a Chapter 11 trustee or examiner has been made.

11. It is believed that the Cash Collateral Party will assert secured liens against certain assets of the Debtor. These include, but may not be limited to, the funds in the Debtor's deposit accounts and its accounts receivable (the "Cash Collateral"). As of the Petition Date, the Debtor estimates the value of its accounts receivable to be $7,200.00; cash in deposit accounts was $6,000.00; and inventory was valued at $2,300.00.

12. The Debtor is willing to consensually negotiate the use of Cash Collateral with the Cash Collateral Party. However, should those negotiations be unsuccessful, it is possible that the Cash Collateral Party will oppose the Debtor's use of Cash Collateral. For that reason, the Debtor believes it is necessary to bring this Motion so that in the event stipulated use cannot be reached there will be the shortest possible interruption to the Debtor's operations while the Court reviews this matter.

**APPLICABLE LAW AND ARGUMENT**

13. The Debtor proposes to use cash collateral only as set forth in the Budget attached hereto as Exhibit 2. As shown in that Budget, the Debtor requires the use of up to $29,000.00 per month through the end of May 2023 or until a final hearing on this Motion.

14. As to the provision of adequate protection in general, the Bankruptcy Code provides that a debtor in possession may not use, sell or lease cash collateral unless:

    (A)    Each entity that has an interest in such cash collateral consents, or

(B) The court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

11 U.S.C. § 363(c)(2).

15. As of the date of filing this Motion, the Cash Collateral Party has not consented to the Debtor's use of Cash Collateral and therefore, pursuant to Section 363(c)(2)(B) a hearing on this matter is necessary.

16. As noted by Norton, "courts are given broad discretion to balance the protection of secured creditors, on the one hand, against the strong public policies favoring continuation of jobs, preservation of going concern values, and rehabilitation of distressed debtors, generally." 2 *Norton Bankr. L. & Prac. 3d* § 44:5, *citing* H.R. Rep. 834, 103rd Cong., 2nd Sess. 27 to 29 (Oct. 4, 1994); 140 Cong. Rec. H10768 (Oct. 4, 1994). Thus the courts are, in their equitable discretion, permitted to alter the rights of secured creditors after the provision of adequate notice and hearing. 11 U.S.C. § 552(b); *In re Q-C Circuits Corp.*, 231 B.R. 506 (E.D. N.Y. 1999).

17. Reiterating what was stated above, prohibiting the Debtor from the use of Cash Collateral would lead to the immediate cessation of operations at its facilities and the consequential diminution in value of the Debtor's estate through the inevitable loss of business that would follow.

18. Section 363(e) of the Bankruptcy Code further provides, in pertinent part, that "on request of an entity that has an interest in property . . . proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest . . . ."

19. The Bankruptcy Code does not explicitly define "adequate protection," but does provide a nonexclusive list of the means by which a debtor-in-possession may provide adequate protection, including (i) periodic cash payments, (ii) additional or replacement liens, or (iii) other relief resulting in the "indubitable equivalent" of the secured creditor's interest in such property. 11 U.S.C. § 361.

20. What constitutes adequate protection must, therefore, be decided on a case-by-case basis. *See, e.g., In re Mosello*, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996); *see also, In re O'Connor*, 808 F.2d 1393, 1396 (10th Cir. 1987); *In re Martin*, 761 F.2d 472 (8th Cir. 1985). The focus of the requirement is to protect a secured creditor from diminution in the value of its interest in that particular collateral during the period of use. *See In re 494 Central Park Avenue Corp.*, 136 B.R. 626, 631 (Bankr. S.D.N.Y. 1992); *In re Beker Indus. Corp.*, 58 B.R. at 736; *In re Hubbard Power & Light,* 202 B.R. 680 (Bankr. E.D.N.Y. 1996).

21. The Debtor shall keep the Cash Collateral Party's collateral fully insured.

22. The Debtor will deposit all cash acquired post-petition into the DIP account.

23. The Debtor believes the Cash Collateral Party is significantly unsecured based on the value of their liens in the Debtor's assets, therefore, the Debtor needs only to provide adequate protection up to the amount of $15,500.00. The Debtor will retain its level of accounts receivable, inventory and cash an amount of at least as much as the value of cash collateral on the day of filing Cash Collateral owned by the Debtor at the Petition Date is $15,500.00.

24. The Cash Collateral Party shall have a post-petition lien in the Cash Collateral to the same extent and priority as they possessed pre-petition.

## NOTICE

25. No trustee or examiner has been appointed in these Chapter 11 cases. In accordance with Rule 4001(b)(1), notice of this Motion has been provided to (a) the United States Trustee's office, (b) the Cash Collateral Party, (c) the Debtor's 20 largest unsecured creditors, and (d) any parties that have filed notices of appearance or request for notice. The Debtor submits that no other or further notice need be provided.

## NO PRIOR REQUEST

26. No prior request for the relief sought in this Motion has been made to this or any other court in connection with this Chapter 11 case.

WHEREFORE, the Debtor respectfully requests that the Court (i) enter an order substantially in the form attached hereto as Exhibit 1, granting the relief requested herein; and (ii) grant such other and further relief to the Debtor as the Court may deem proper.

Dated: May 19, 2023

/s/ Todd M. Porter
_____
Todd M. Porter
Sole Member

WARNER NORCROSS + JUDD LLP

Dated: May 19, 2023

BY: /s/ Rozanne M. Giunta
_____
ROZANNE M. GIUNTA (P29969)
Proposed Counsel for Debtor
715 E. Main Street, Suite 110
Midland, MI 48640
Phone: (989) 698-3758
rgiunta@wnj.com

Exhibit 1

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION

In re:

PORTER'S PENINSULA LOGGING LLC,

        Debtor.
_____/

Chapter 11
Case No. 23-20563
Hon. Daniel S. Opperman

## INTERIM ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL

The Debtor in the above-captioned case, having filed a Motion for Order Authorizing Use of Cash Collateral (the "Motion"); the Court having conducted a hearing and ruled on this matter;

**THE COURT FINDS AS FOLLOWS:**

A. On May 19, 2023 (the "Petition Date"), the Debtor filed a petition under Chapter 11 of the Bankruptcy Code ("Code"). Since the Petition Date, the Debtor has remained in possession of its assets and continues to operate and manage its business as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M).

C. All of the Debtor's property which constitutes cash collateral pursuant to the Bankruptcy Code will continue to constitute cash collateral of the Cash Collateral Party ("Cash Collateral"), and must be segregated and accounted for, pursuant to § 363(c)(4) of the Code.

D. To continue the operation of its business, the Debtor represented to the Court that it must use Cash to pay its continuing obligations incurred in the ordinary course of its business.

E. The Debtor has provided notice of the Order for the use of Cash Collateral to all creditors allegedly holding secured claims of record, all other entities known or discoverable after reasonable investigation by the Debtor who claim an interest in Cash Collateral, the creditors included on the list filed pursuant to Bankruptcy Rule 1007(d) and the United States Trustee as set forth in the proof of service filed herein, and such notice, constitutes sufficient "notice and hearing," without the need for notification of any further entities under 11 U.S.C. § 363, 11 U.S.C. § 102, and Bankruptcy Rules 2002, 4001 and 6007. The only objection filed has been by the Internal Revenue Service (IRS).

F. Good cause has been shown for entry of this Order, among other things, the entry of this Order will minimize disruption of the business of the Debtor as a going concern and preserve the value of the Estate.

G. This Order may be entered without further notice and this Court expressly finds that the motion was sufficient to afford reasonable notice of the material provisions of the terms of this Order and an opportunity for hearing.

**ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:**

(1) The Debtor may continue to use its Cash Collateral pursuant to the terms of this Order only for payment of expenses of the Debtor and in accordance with the Debtor's projections. Any funds not expended by the Debtor shall remain in the DIP account of the Debtor.

(2) All funds received by the Debtor shall be deposited in the debtor-in-possession account of the Debtor ("DIP Account").

(3) The Debtor will keep the Cash Collateral Party's collateral insured against loss or damage resulting from fire, flood or other hazards, casualties and contingencies.

(4) The Cash Collateral Party shall have a post-petition lien in the Cash Collateral to the same extent and priority as they possessed on the Petition Date.

(5) The Debtor will retain its level of accounts receivable, inventory and cash an amount of at least as much as the value of cash collateral on the day of filing. Cash Collateral owned by the Debtor at the Petition Date is $15,500.00.

(6) The Debtor is authorized to use Cash Collateral, subject to the terms and conditions set forth herein. Notwithstanding anything in this Order approving same to the contrary, this Order may be extended upon the consent of the Debtor and the Cash Collateral Party, or the entry of an order of this Court after notice and hearing upon the same or different terms.

(7) A final hearing on Debtor's Use of Cash Collateral will be held on _____, 2023 at _____ __.m. at the U.S. Bankruptcy Court for the Eastern District of Michigan, Northern Division ("Final Hearing"). Within 24 hours after entry of this Order, Debtor shall serve, or cause to be served a copy of the Motion with all attachments and this Order on all parties required to be served under F.R.Bankr.P. 4001(d) including (a) all creditors holding secured claims of record, (b) Debtor's 20 largest unsecured creditors, (c) all parties who have timely requested notice under F.R.Bankr.P. 2002, (d) the U.S. Trustee and (e) Debtor's matrix. **Any objections to this Order becoming a final order shall be made in writing and filed with the Court and served on the Debtor, Debtor's Attorney, the U.S. Trustee and upon B2B Financing, at all addresses in the documents and the address on its UCC Financing Statement within 14 days after the date this Order is entered. If an objection is timely filed, a hearing will be held. If no objection is timely filed this interim order shall become a final order and the Debtor shall be entitled to use Cash Collateral pursuant to the Cash Collateral Motion until further order of the Court.**

**Exhibit 2**

**PORTER'S PENINSULA LOGGING LLC**
**MONTHLY PROJECTIONS**

| | | | |
|---|---|---|---|
| INCOME: | | | $38,500.00 |
| Stumpage (30% of Income) | | | ($11,500.00) |
| | | | |
| | | Net Income | $27,000.00 |
| | | | |
| EXPENSES: | | | |
| Truck Insurance | $161.56 | | |
| Semi Insurance | $364.40 | | |
| Liability Insurance | $57.50 | | |
| Equipment Insurance | $110.00 | | |
| Food and Lodging on the Road | $550.00 | | |
| Phone | $150.00 | | |
| Wifi | $75.00 | | |
| Electric | $100.00 | | |
| Property Tax | $45.00 | | |
| Wages - Contract, 1099 Employees | $7,200.00 | | |
| Wages - Todd | $2,000.00 | | |
| Diesel off Road | $3,020.00 | | |
| Diesel on Road | $2,500.00 | | |
| Truck Gasoline | $850.00 | | |
| Hydraulic Oil | $600.00 | | |
| Gear Lube | $25.00 | | |
| DEF Fluid | $211.50 | | |
| Equipment Repairs (includes fittings and hoses) | $1,200.00 | | |
| Truck Repairs | $150.00 | | |
| Bar Oil and Grease | $750.00 | | |
| | | | |
| Total Expenses | $20,119.96 | | |

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION

In re:

PORTER'S PENINSULA LOGGING LLC,

Chapter 11
Case No. 23-20563
Hon. Daniel S. Opperman

Debtor.
_____/

### AFFIDAVIT OF TODD M. PORTER

STATE OF MICHIGAN   )
                                ) ss.
COUNTY OF Bay     )

Todd M. Porter, being duly sworn, deposes and says:

1. I am the sole member responsible for the books and records of the Company.

2. I have read the Motion, Order and supporting documents and the facts alleged therein are true and correct.

3. It is necessary for the Debtor to receive authority to obtain use cash collateral in order to continue the operations of its logging business. In the event that the Debtor is not allowed to use cash collateral, it will suffer irreparable harm the Debtor's ability to reorganize and maximize repayment to its creditors.

Dated: May 19, 2023

BY: /s/ Todd M. Porter
Todd M. Porter
Sole Member
Porter's Peninsula Logging LLC

SUBSCRIBED AND SWORN to before me, a Notary Public in and for said County, this 19th day of May, 2023.

/s/ Tracey L. Meylan
TRACEY L. MEYLAN, Notary Public
Bay County, MI, acting in Midland County, MI
My comm. expires: 4-16-2026

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION

In re:

PORTER'S PENINSULA LOGGING LLC,

Chapter 11
Case No. 23-20563
Hon. Daniel S. Opperman

Debtor.
_____/

## COVER SHEET FOR ORDER AUTHORIZING
## CONTINUED USE OF CASH COLLATERAL

The Debtors have filed a motion to use cash collateral or to obtain postpetition financing, which is attached to this Cover Sheet. In accordance with LBR 4001-2(b) (E.D.M.), the Debtors have identified below, by page and paragraph number, the location in the proposed order accompanying the motion of each of the following provisions:

| Provision | Contained in Proposed Order | Location in Proposed Order |
|---|---|---|
| (1) Provisions that grant liens on the estate's claims and causes of action arising under Chapter 5 of the Code. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |
| (2) Provisions that grant cross-collateralization protection to the prepetition secured creditor (i.e., clauses that secure prepetition debt with categories of collateral that were not covered by the secured party's lien prepetition) other than liens granted solely as adequate protection against diminution in value of a prepetition creditor's collateral. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |
| (3) Provisions that establish a procedure or conditions for relief from the automatic stay. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |
| (4) Provisions regarding the validity or perfection of a secured creditor's prepetition liens or that release claims against a secured creditor. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |

| | | |
|---|---|---|
| (5) Provisions that prime any lien without that lienholder's consent. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |
| (6) Provisions that relate to a sale of substantially all of the debtor's assets. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |
| (7) Provisions for the payment of professional fees of the debtor or any committees, including any carve-outs for such payments. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |
| (8) Provisions for the payment of prepetition debt. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |
| (9) Provisions that waive the debtor's exclusive right to file or solicit acceptances of a plan during the time periods specified in 11 U.S.C. § 1121. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |
| (10) Provisions that require the debtor's plan to be on terms acceptable to the secured creditor. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |
| (11) Provisions that require or prohibit specific terms in the debtor's plan. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |
| (12) Provisions establishing that proposing a plan inconsistent with the order constitutes a default. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |
| (13) Provisions that waive surcharge under 11 U.S.C. § 506(c). | ☐ Yes<br>☒ No | Page ___, ¶ ___ |
| (14) Provisions that address the rights and obligations of guarantors or co-obligors. | ☐ Yes<br>☒ No | Page ___, ¶ ___ |

| (15) Provisions that prohibit the debtor from seeking approval to use cash collateral without the secured creditor's consent. | ☐ Yes<br><br>☒ No | Page ___, ¶ ___ |
|---|---|---|
| (16) Provisions that purport to bind a subsequent trustee. | ☐ Yes<br><br>☒ No | Page ___, ¶ ___ |
| (17) Provisions that obligate the debtor to pay any of a secured creditor's professional fees. | ☐ Yes<br><br>☒ No | Page ___, ¶ ___ |

WARNER NORCROSS + JUDD LLP

Dated: May 19, 2023        By:
/s/ Rozanne M. Giunta
ROZANNE M. GIUNTA (P29969)
Proposed Attorneys for Debtors
715 E. Main Street, Suite 110
Midland, MI 48640
(989) 698-3758
rgiunta@wnj.com