UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION

In re:

PORTER'S PENINSULA LOGGING LLC,

              Debtor.

Chapter 11
Case No. 23-20563
Hon. Daniel S. Opperman

_____/

## DEBTOR'S MOTION TO ESTABLISH VALUE OF KOMATSU FINANCIAL LIMITED PARTNERSHIP'S COLLATERAL

NOW COMES the Debtor in the above-captioned matter, by and through its counsel, Warner Norcross + Judd LLP, and in this Motion to Establish Value of Collateral of Komatsu Financial Limited Partnership ("Komatsu") respectfully represents as follows:

### BACKGROUND

1. On or about May 19, 2023 (the "Petition Date"), the Debtor commenced a voluntary case under Chapter 11 of the Bankruptcy Code. The Debtor is authorized to continue to operate its business and manage its property as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. No request for appointment of a Chapter 11 trustee or examiner has been made and, no official committee has been appointed, however, this is a Sub V Chapter 11 and the Sub V Trustee in this matter is Kimberly Clayson.

3. One of the Debtor's equipment lenders is Komatsu.

4. Komatsu filed its claim (the "Komatsu Claim") on or about June 30, 2023, in the amount of $416,239.40.

5. The collateral for said loan is a 2021 Komatsu XT430-5 Feller Buncher, S/N# A60012 (the "Collateral").

6. The Komatsu Claim lists the value of the Collateral as unknown.

7. Based on conversations with counsel, it is believed that there is a significant dispute with respect to the value of the Collateral in this matter and valuation of the Collateral is critical to development of a Chapter 11 plan.

8. The Debtor has listed the Collateral in its schedules at a value of $275,000.00 and it is believed that Komatsu values the Collateral closer to $400,000.00.

9. The original purchase price for the Collateral was $399,000.00. The additional charges on the loan documents represent fees and expenses, as well as, it is believed, a deficiency for the Komatsu equipment which was traded in for the Collateral.

10. The Debtor has reached out to various dealers for valuation and the values provided to the Debtor range from $225,000.00 to a maximum of $300,000.00. These values are based on the age of the Collateral and the fact that the Collateral has been utilized for approximately 3,700 hours. The Debtor is also in the process of engaging an appraiser to officially appraise the Collateral.

11. The Debtor believes that the value of this Collateral is on the lower side of the above range due to the fact that the Collateral has had significant mechanical issues and if fact, at various times, has been out of operation for extended periods of time.

12. As indicated above, the Debtor is in the process of engaging an appraiser in this matter, however, in addition, the Debtor has reached out to various dealers with respect to the value of new, similar equipment. While it is difficult to find equipment which is identical the Collateral, new, similar equipment which includes a harvester head, computer system and which is self-leveling, which equipment would have

substantially no hours of use, is being sold in the $500,000.00 range. Komatsu does not have a lien on the harvester head or the computer system utilized with the Collateral, therefore it is critical that any appraisal does not include these items. Deduction of the value of the above items from the purchase price on new equipment would greatly reduce the purchase price.

## JURISDICTION

13. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are 11 U.S.C. § 506 and Fed. R. Bankr. P. 3012.

## REQUESTED RELIEF

14. The Debtor affirms its position that the Collateral is worth, at a maximum, $275,000.00 and therefore, that is the value which should be treated as a secured claim in the Debtor's Plan.

15. The Debtor requests that, to the extent that Komatsu files an objection to this Motion, that the Court schedule a hearing on this Motion prior to August 17, 2023, so that the value of the Collateral can be properly reflected in the Debtor's plan which is due on August 17, 2023.

## LAW AND ARGUMENT

16. Section 506(a)(1) of the Code provides that:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff,

as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

17. Fed R. Bankr. P. 3012 provides the framework for motions to value security, stating that: "[t]he court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct".

18. In aid of the Debtor's efforts to develop its plan of reorganization, it is necessary to have a determination of the value of the Collateral and the corresponding extent to which the Bank holds a secured claim. Determination of these issues is necessary for the Debtor to be able to develop a plan that maximizes the returns available to the other interested parties of its estate.

### NOTICE

19. Notice of this Motion has been provided to the interested parties to this matter through filing on the Court's CM/ECF system. In addition, specific notice will be provided to counsel by regular mail. The Debtor submits that no other or further notice need be provided.

## NO PRIOR REQUEST

20. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court: (i) enter its order, substantially in the form attached hereto as Exhibit 1 at $275,000.00; (ii) in the event an objection is filed to this Motion, the Court schedule a hearing in early August of 2023; and (iii) grant such other and further relief as the Court may deem proper.

Respectfully submitted,

WARNER NORCROSS & JUDD LLP

Date: July 17, 2023      BY: /s/ Rozanne M. Giunta
_____
ROZANNE M. GIUNTA (P29969)
Attorneys for Debtor
715 E. Main Street, Suite 110
Midland, Michigan 48640
Telephone: (989) 698-3758
Facsimile: (989) 486-3758
rgiunta@wnj.com

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION

In re:

PORTER'S PENINSULA LOGGING LLC,

          Debtor.
_____/

Chapter 11
Case No. 23-20563
Hon. Daniel S. Opperman

## ORDER GRANTING DEBTOR'S MOTION TO ESTABLISH VALUE OF KOMATSU FINANCIAL LIMITED PARTNERSHIP'S COLLATERAL

This matter having come before the Court on the Debtor's Motion to Establish Value of Komatsu Financial Limited Partnership's Collateral (the "Motion"), and the Court being full apprised in the premises;

IT IS HEREBY ORDERED that Motion is granted and that the value of the Komatsu collateral is established to be $275,000.00.

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION

In re:

PORTER'S PENINSULA LOGGING LLC,

Chapter 11
Case No. 23-20563
Hon. Daniel S. Opperman

Debtor.
_____/

## NOTICE OF OPPORTUNITY FOR HEARING REGARDING DEBTOR'S MOTION TO ESTABLISH VALUE OF KOMATSU FINANCIAL LIMITED PARTNERSHIP'S COLLATERAL

A Motion to Establish Value of Komatsu Financial Limited Partnership's Collateral has been filed with the Court as follows:

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the Motion, or if you want the Court to consider your views on the Motion, within **fourteen (14)** days, you or your attorney must:

1. File with the Court a written response or an answer, explaining your position at:[1]

**United States Bankruptcy Court
111 First Street
Bay City, MI 48708**

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

You must also mail a copy to:
**Rozanne M. Giunta
Warner Norcross + Judd LLP
715 E. Main Street, Suite 110
Midland, Michigan 48640
(989) 698-3758**

2. If a response or answer is timely filed and served, the Clerk will schedule a hearing on the Motion, and you will be served with a notice of the date, time and location of the hearing.

---

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e).

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.**

                                        WARNER NORCROSS & JUDD LLP

Dated: July 17, 2023        By:

                                        /s/ Rozanne M. Giunta
                                        ROZANNE M. GIUNTA (P29969)
                                        Attorneys for Debtor
                                        715 E. Main Street, Suite 110
                                        Midland, Michigan 48640
                                        (989) 698-3758
                                        rgiunta@wnj.com

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION

In re:

**PORTER'S PENINSULA LOGGING LLC,**

        Debtor.

_____/

Chapter 11
Case No. 23-20563
Hon. Daniel S. Opperman

## CERTIFICATE OF SERVICE

I hereby certify that I am employed with the law offices of WARNER NORCROSS & JUDD LLP Attorneys at Law, and I hereby certify that on July 17, 2023, I filed the **DEBTOR'S MOTION TO ESTABLISH VALUE OF KOMATSU FINANCIAL LIMITED PARTNERSHIP'S COLLATERAL and NOTICE AND OPPORTUNITY FOR HEARING OF THE DEBTOR'S MOTION TO ESTABLISH VALUE OF KOMATSU FINANCIAL LIMITED PARTNERSHIP'S COLLATERAL** and the Clerk served same by email through the Court's ECF system to all participants in this matter. On July 17, 2023, I served on Kevin Etzel, co-counsel for Komatsu Financial Limited Partnership, by email, the **DEBTOR'S MOTION TO ESTABLISH VALUE OF KOMATSU FINANCIAL LIMITED PARTNERSHIP'S COLLATERAL and NOTICE AND OPPORTUNITY FOR HEARING OF THE DEBTOR'S MOTION TO ESTABLISH VALUE OF KOMATSU FINANCIAL LIMITED PARTNERSHIP'S COLLATERAL.**

WARNER NORCROSS & JUDD LLP

Dated: July 17, 2023      By:
/s/ Sondra J. Cardinal
SONDRA J. CARDINAL
Legal Assistant to Rozanne M. Giunta
715 E. Main Street, Suite 110
Midland, Michigan 48640
(989) 698-3738
scardinal@wnj.com