**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PORTER'S PENINSULA LOGGING LLC, | Case No. 23-20563 |
| Debtor. | Hon. Daniel S. Opperman |

## KOMATSU FINANCIAL LIMITED PARTNERSHIP'S OBJECTION TO DEBTOR'S MOTION TO ESTABLISH VALUE OF COLLATERAL

Komatsu Financial Limited Partnership ("Komatsu"), a secured creditor in the above-captioned bankruptcy case, hereby files this objection (this "Objection") to the *Motion to Establish Value of Komatsu Financial Limited Partnership's Collateral* [Dkt. No. 43] (the "Motion") filed by debtor, Porter's Peninsula Logging LLC ("Debtor") (Komatsu and Debtor are hereinafter collectively referred to as the "Parties"). In support of this Objection, Komatsu submits the *Declaration of Jason Lee in Support of Komatsu Financial Limited Partnership's Objection to Debtor's Motion to Establish Value of Collateral* dated July 28, 2023 ("Lee Decl."), and states as follows:

### FACTUAL BACKGROUND

**A.      The Komatsu Loan.**

1.      For good and valuable consideration, Debtor made, executed and delivered to Komatsu (as assignee of Roland Machinery Company) a Security Agreement – Conditional Sales Contract dated July 15, 2021 (as anytime amended, restated, supplemented, or otherwise modified, the "Contract"), pursuant to which Debtor granted to Komatsu a purchase money, first-priority lien on and security interest in One (1) Komatsu XT430-5 Feller Buncher (S/N A60012), together

with all present attachments, accessories, replacement parts, additions and all proceeds thereof (collectively, the "Equipment"), and agreed to pay Komatsu the amounts set forth therein.

2. To notify others of its security interest in the Equipment, Komatsu filed Uniform Commercial Code ("UCC") financing statements with the Michigan Department of State, thereby perfecting Komatsu's first-priority and perfected security interest in and lien on the Equipment.

**B.** **The Bankruptcy Case.**

3. On May 19, 2023 (the "Petition Date"), Debtor filed a voluntary petition for relief under Subchapter V of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), thereby commencing this Chapter 11 case (the "Bankruptcy Case").

4. On June 30, 2023, Komatsu timely filed its secured proof of claim against Debtor in the amount of $416,239.40 (the "Original Proof of Claim").

5. Over the course of the Bankruptcy Case, Komatsu sought to negotiate, among other things, adequate protection payments to Komatsu in an amount commensurate with the continuing depreciation of the Equipment. To date, the Parties have failed to agree to acceptable terms, based, in part, upon a disparity in the Parties' positions on (i) the Original Equipment Cost (OEC) of the Equipment, and (ii) the Equipment's value.

6. On July 17, 2023, Debtor filed the Motion, which seeks to value the Equipment at $275,000.00 (the "Debtor's Valuation").

7. In order to determine the Equipment's value, Komatsu engaged Rouse Appraisals LLC to inspect and appraise the Equipment. By Valuation Letter dated July 27, 2023 (the "Valuation Letter"), Rouse Appraisals LLC determined the Fair Market Value of the Equipment to be $370,000 (the "Komatsu's Valuation"). *See* Lee Decl., ¶ 11; Ex. B.

8.     On July 31, 2023, Komatsu filed its partially secured proof of claim against Debtor in the total amount of $416,239.40 (secured to the extent of $370,000.00 and unsecured to the extent of $46,239.40) (the "Amended Proof of Claim").  *See* Lee Decl., ¶ 12; Ex. A.

## APPLICABLE LAW

9.     Debtor's Motion seeks entry of an Order establishing the value of the Equipment pursuant to 11 U.S.C. § 506 ("Section 506") and Fed. R. Bankr. P. 3012 ("Rule 3012").

10.     Pursuant to 11 U.S.C. § 506(a)(1):

> (1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a)(1).

11.     Fed. R. Bankr. P. 3012 provides that, upon request by a party in interest, after notice and a hearing, the Court may determine the amount of a secured claim under § 506(a) of the Bankruptcy Code.

## OBJECTION

12.     Komatsu hereby submits this Objection to the Motion.

13.     In support of Debtor's Valuation, Debtor alleges that (i) the OEC of the Equipment was $399,000.00, and (ii) Debtor has contacted various dealers to determine the value of the Equipment and received estimates ranging from $225,000.00 to $300,000.00.

14.     First, the Debtor's Valuation is understated, as Komatsu submits the value of the Equipment is $370,000.00.

15.     Second, the underlying reasoning for Debtor's Valuation is flawed, as (i) the OEC of the Equipment was $680,000.00, not $399,000.00, and (ii) there is no admissible evidence to support Debtor's Valuation.

16.     Accordingly, the Court should fix the value of the Equipment in the amount of Komatsu's Valuation.

**A.      Komatsu's Valuation Letter Establishes That the Fair Market Value of the Equipment is $370,000.**

17.     At the request of Komatsu, Debtor permitted Rouse Appraisals LLC access to inspect and appraise the Equipment in mid-July 2023. In accordance with the Uniform Standards of Professional Appraisal Practice, Rouse Appraisal LLC issued the Valuation Report. Lee Decl., Ex. B.

18.     The Valuation Report summarizes the Equipment as follows:

| Category | Forestry Equipment |
|---|---|
| Subcategory | Track Forestry Equipment |
| Make | Komatsu |
| Model | XT430-5 |
| Year | 2021 |
| Condition | Good |
| Key Specs | A/C, Fire Suppression System, Rear View Camera, IQAN-MD4 Digital Control System w/7 In. LED Color Touch Screen Display, KOMTRAX monitoring System, Cummins QSL9, 9 Liter, 6 Cyl, 331 Hp, Fuel Fired Jacket Water & Hydraulic Oil Pre-Heater, Hydrostatic Drive, 13 Ft Arm, Hydrostatic Continuous Rotation, 26,235 Lb Lift Capacity @ 10 Ft, 28 In. DBG |
| Tires U/C Rating | 75% |
| Total Usage | 3,606 hours |
| OEC | $680,000.00 |

*Id*. at pg. 1.

19.     As set forth in the Motion, Komatsu did not finance the additional attachment to the Equipment, and therefore, its value was not contemplated by Rouse Appraisals LLC when preparing the Valuation Letter.  *Id.*

20.     Rouse Appraisal LLC's estimated values of the Equipment are summarized as follows:

| FMV | FMV/OEC | OLV | OLV/OEC | FLV | FLV/OEC |
|---|---|---|---|---|---|
| $370,000.00 | 54.4% | $300,000.00 | 44.1% | $270,000.00 | 39.7% |

*Id.*

21.     For purposes of this Motion, and because Debtor purports to retain the Equipment as a going concern in connection with any proposed plan of reorganization, Komatsu submits that this Court should utilize the fair market value set forth in the Valuation Letter, $370,000.00, for purposes of fixing the value of the Equipment.  *See In re BWP Transp., Inc.*, 462 B.R. 225, 235 (Bankr. E.D. Mich. 2011) (applying the fair market value approach on a going concern basis) (citing *In re Global Technovations, Inc.*, 431 B.R. 739, 772 (Bankr. E.D. Mich. 2010), *aff'd.*, 2011 U.S. Dist. LEXIS 34864, 2011 WL 1297356 (E.D. Mich. 2011) ("In the case of a business that qualifies as a "going concern," assets are valued at their market rather than distress (i.e., liquidation) value . . . ."). Notwithstanding the foregoing, Komatsu does not concede that an effective reorganization is in prospect or that Debtor could feasibly afford to pay the value of the Equipment over the course of any plan of reorganization.  Komatsu specifically reserves its rights with respect to such arguments in this Bankruptcy Case.

22.     As such, Komatsu respectfully requests that the Court enter an Order fixing the value of the Equipment at $370,000.00.

**B.**     **The OEC of the Equipment Proffered by Debtor is Expressly Contracted by Documentary Evidence.**

23.     Since the Parties' began negotiations, Debtor has maintained that the OEC of the Equipment was $399,000.00; however, to date, it has failed to provide any evidence or documentation to support this allegation.

24.     To the contrary, according to Komatsu's records, the OEC of the Equipment was $680,000.00, which is clearly established by both the Statement of Transaction set forth on page 1 of the Contract (*see* Ex. A, Amended Proof of Claim) and the Invoice pertaining to Debtor's purchase of the Equipment.  *See* Lee Decl., ¶ 14; Exs. A, C.

25.     As such, Debtor's Valuation is based upon a mistaken premise.

**C.**     **The Motion Fails to Proffer Any Admissible Evidence to Support Debtor's Valuation.**

26.     In moving to value collateral pursuant to Section 506 and Rule 3012, the "debtor still has the initial burden of producing some admissible evidence of value," even if unopposed. *In re Bassett*, 2019 Bankr LEXIS 624, at *11 (Bankr. E.D. Cal., Feb. 26, 2019).  While true, this burden may be established through a debtor's opinion of value (*see* Fed. R. Evid. 701), the evidence must nevertheless be set forth in admissible form.  *Id*.

27.     Here, the Motion is entirely unsupported by *any* admissible evidence.

28.     In fact, the Motion and Debtor's Valuation are merely supported by counsel's summary of vague discussions that Debtor allegedly had with third-parties concerning the value of the Equipment, which has no probative value and constitutes impermissible hearsay.  Counsel does not (i) allege that she has personal knowledge of the facts attested to the Motion, (ii) allege that she was a party to the conversations had by and between Debtor and these unknown third-parties, or (iii) explain why a declaration or affidavit from Debtor was not submitted in support of the Motion.

29.     Even if the allegations set forth in the Motion are taken as true (they should not be), the basis for Debtor's Valuation is purely speculative and lacks any specificity.  The Motion does not (i) identify the third-parties with whom Debtor spoke or when the conversations were had, or (ii) state whether the third-parties were qualified to attest to the value of the Equipment or personally inspected the Equipment.

30.     Importantly, any estimate that was received by Debtor was also likely premised upon the Debtor's incorrect OEC of $399,000.00.  Since Komatsu has unequivocally established through documentary evidence that the OEC was $680,000.00, Debtor's range of estimates cannot be accurately relied upon.

31.     While Debtor indicates an intention to engage an appraiser, this assertion does not cure Debtor's failure to satisfy its initial burden of establishing a value through admissible evidence.  Any declaration or appraisal proffered by Debtor should have been filed in support of the Motion and should not be accepted on reply, as Komatsu will have been deprived of any opportunity to analyze the submission.

32.     Based on the foregoing, Debtor has failed to support the Motion with admissible evidence, and therefore, Debtor's Valuation should be rejected.

## RESERVATION OF RIGHTS

33.     Accordingly, Komatsu reserves all of its rights under the Contract and applicable law and equity, including, without limitation, its right (a) to seek adequate protection of its interests in the Equipment, (b) to request that this Court enter an order lifting the automatic stay so that Komatsu may retrieve and dispose of the Equipment and (c) to object to any purported sale of the Equipment on any grounds.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Komatsu respectfully requests that the Court (a) sustain this Objection to the Motion and enter an Order establishing the value of the Equipment at $370,000.00, or (b) to the extent a hearing is scheduled on the Motion, schedule a hearing upon thirty (30) days' notice, so that Komatsu may have sufficient to coordinate the appearance and testimony of necessary witnesses, and (c) grant such other and further relief as this Court deems just and proper.

Dated:   July 31, 2023                                PLUNKETT COONEY


                                        By: /s/ Douglas C. Bernstein, Esq. _____
                                             Douglas C. Bernstein (P33833)
                                             Plunkett Cooney
                                             38505 Woodward Ave., Suite 100
                                             Bloomfield Hills, MI  48304
                                             Telephone: (248) 901-4091
                                             Facsimile: (248) 901-4040
                                             dbernstein@plunkettcooney.com