UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION

| | |
|---|---|
| **In Re:**<br><br>**PORTER'S PENINSULA LOGGING, LLC,**<br><br>Debtor. | Chapter 11<br>Case No. 23-20563<br>Hon. Daniel S. Opperman |

**ORDER CONFIRMING DEBTOR'S SUBCHAPTER V CHAPTER 11 PLAN OF REORGANIZATION FOR SMALL BUSINESS DEBTOR**

The Debtor's Chapter 11 Plan of Reorganization for Small Business Debtor Under Subchapter V having been filed by the Debtor on October 27, 2023 [Docket No. 78] and an Amended Chapter 11 Plan of Reorganization for Small Business Debtor Under Subchapter V on October 31, 2023 [Docket No. 82] (the "Plan") and a copy of the Plan having been approved by the Court and a copy of said Plan having been trued and submitted to the holders of claims and interests, and it having been determined after notice and hearing before this court that:

1. The Plan complies with the applicable provisions of Chapter 11 of the Code.

2. The proponents of the Plan have complied with the applicable provisions of the Code.

3. The Plan has been proposed in good faith and not by any means prohibited by law.

4. That any payment made or promised to be made by the proponent, by the Debtor, the Trustee or by any person in issuing securities or acquiring

property under the Plan, for services or for costs and expenses in, or in connection with, the case, or in connection with the Plan and incident to the case, have been disclosed to the Court, and;

5. That any such payment made before confirmation of the Plan is reasonable, or if such payment is to be fixed after the confirmation of the Plan, such payment is subject to the approval of the Court as reasonable.

6. The proponent of the Plan has disclosed the identity and affiliation of any individuals proposed to serve, after confirmation of the Plan, as director, officer or voting trustee of the Debtor, and affiliation of the Debtor participating in a joint Plan with the Debtor, or a successor to the Debtor under the Plan; and the appointment to, or continuance in, such office of such individual, is consistent with the interests of the Debtor and equity security holders and with public policy.

7. With respect to each Class, each holder who has a claim or interest of such Class has accepted the Plan or will receive or retain under the Plan on account of such claim or interest, property, of value, as of the effective date of the Plan, that is not less than the amount that such holder would have received or retained if the Debtor were liquidated under Chapter 7, or;

8. If Section 1129(b)(2) applies to the claims of such Class, each holder of a claim of such Class has accepted the Plan or will receive or retain under the Plan on account of such claim property of a value, as of the effective date of the Plan,

that is not less than the value of such creditor's interest in the estate's interest in the property that secures such claim;

9. That except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that:

   a. With respect to the claim of the kind specified in Section 507(a)(2) or Section 507(a)(3) of the Code, on the effective date of the Plan, the holder of such claim will receive on account of such claim, cash equal to the amount allowed of such claim;

   b. With respect to a Class of claims of the kind specified under Section 507(a)(1), Section 507(a)(4), Section 507(a)(5), Section 507(a)(6) or Section 507(a)(7) of the Code, each holder of a claim of such Class will receive, if such Class has accepted the Plan, deferred cash payments of a value, as of the effective date of the Plan, equal to the allowed amount of each claim, or, if such Class has not accepted the Plan, cash on the effective date of the Plan equal to the amount allowed of such claim, and;

   c. With respect to a claim of a kind specified in Section 507(a)(8) of the Code, the holder of such claim will receive on account of such claim regular installment payments in cash: (i) of a total value, as of the effective date of the Plan, equal to the allowed amount of such claim; (ii) over a period ending not later than 5 years after the date of the order for relief under Section 301, 302, or 303; and (iii) in a manner not

3

       less favorable than the most favored non-priority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under Section 1122(b).

    d.    With respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under Section 507(a)(8), but for the secured status of that claim, the holder of that claim will receive on account of that claim, cash payments, in the same manner and over the same period, as prescribed in subparagraph (c).

10.    If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

11.    Confirmation of the Plan is not likely to be followed by liquidation or any further need for financial reorganization of the Debtor or any successor to the Debtor under the Plan unless such liquidation or reorganization is proposed by the Plan.

12.    In the event of a conversion of this case to a Chapter 7 proceeding, all property of the Debtor, Debtor-in-Possession, or Reorganized Debtor, including all property which will revest in the Reorganized Debtor pursuant to Confirmation of the plan of reorganization and all property acquired by the Reorganized Debtor subsequent to plan confirmation shall be property of the Chapter 7 Estate.

13. The Debtor shall continue to remit to the office of the United States Trustee all appropriate post confirmation monthly reports/affidavits for all relevant time periods until the case is closed by order of the court or converted to a chapter 7.

WHERFORE, IT IS HEREBY ORDERED that the Plan is hereby confirmed with the following amendment:

**ARTICLE IV.**
**TREATMENT OF CLAIMS AND INTERESTS UNDER PLAN**

**A.    Treatment of Claims and Interests.**

3. *Class 3 – Secured Claims of B2B Financing*

    a. *Classification:* Class 3 consists of the Secured Claims of B2B Financing Claims No. 5 & No. 6).

    b. *Allowance:* On the Effective Date, the Secured Claims No. 5 & No. 6 of B2B Financing shall be Allowed in the principal amount of $79,036.70 for both claims.

    c. *Treatment:* In full and complete satisfaction, settlement, release and discharge of the Class 3 Claims, B2B Financing claim amount shall be amortized over sixty-six (66) months at nine (9%) percent simple interest. This will require payments by the Debtor in the amount of $1,305.31 per month. These payments will begin on January 15, 2024. The Debtor will provide to B2B Financing, copies of annual tax returns by the 30th of November, beginning November 30, 2024 for the 2023 tax year and continuing through November 30, 2029 for the 2028 tax year.

5

23-20563-dob    Doc 91    Filed 12/07/23    Entered 12/07/23 13:53:01    Page 5 of 6

d. *Lien Retention:* B2B Financing shall retain the Lien securing the Class 3 Claims until payment in full of the Allowed Class 3 Claims.

e. *Voting:* Class 3 is impaired under the Plan and B2B Financing is entitled to vote to accept or reject the Plan.

**Signed on December 7, 2023**



/s/ Daniel S. Opperman

**Daniel S. Opperman**
**United States Bankruptcy Judge**